THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

GS HOLISTIC, LLC, :

    Plaintiff, : Case No. 3:23-cv-317

v. : Judge Walter H. Rice
      Mag. Judge Michael R. Merz

PQR ENTER. INC., *et al.*, :

    Defendants.

---

ORDER SUSTAINING PLAINTIFF GS HOLISTIC, LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT (DOC. #16), AND OVERRULING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT PQR ENTERPRISE INC. (DOC. #17); DEFENDANT PQR SHALL ANSWER PLAINTIFF'S COMPLAINT (DOC. #1) WITHIN FOURTEEN (14) DAYS OF ENTRY; JUDGMENT SHALL ULTIMATELY ENTER IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANTS PQR AND WAHDAN, M ON THE ISSUE OF THE ACTIVITY, VALIDITY AND OWNERSHIP OF TRADEMARK NOS. 6,174,291, 6,174,292, AND 6,633,884

---

On October 19, 2023, Plaintiff GS Holistic, LLC, filed suit against Defendants PQR Enterprise Inc. ("PQR") and Mahmoud Wahdan, concerning alleged infringement of United States Patent and Trademark Office ("USPTO") Registration Nos. 6,174,291; 6,174,292; and 6,663,884 ("Stundenglass Marks"). (Compl., Doc. #1). Plaintiff filed Returns of Service with the Court, purporting to show that Wahdan was served as PQR's registered agent and individually on October 26, 2023, and December 14, 2023, respectively. (Doc. #9, PAGEID 65; Doc. #9-1, PAGEID 67). On January 19, 2024, Wahdan filed a *pro se* answer. (Doc. #6).

However, PQR did not answer the Complaint. Neither Defendant was represented by counsel until August 15, 2025, when present counsel appeared as trial attorney for both PQR and Wahdan. (Notices of Appearance, Docs. #22, 23).

Upon Order by the Court (Doc. #14), on June 21, 2025, Plaintiff filed a Motion for Partial Summary Judgment against both Defendants with respect to the activity, validity, and ownership of the Stundenglass Marks (Doc. #16), and on June 27, 2025, Plaintiff filed a Motion for Default Judgment against PQR. (Doc. #17). On August 1, 2025, Wahdan submitted a Motion for Extension of Time to Retain Counsel, claiming that he was unaware of the proceedings against them. (Doc. #20, PAGEID 302). The Court ultimately gave Defendants until October 15, 2025, to respond to the Summary Judgment and Default Judgment Motions. (Notation Order, Doc. #29).

On October 15, 2025, Defendants filed their memorandum *contra* the Summary Judgment Motion, stating that they "do not oppose Plaintiff's request for partial summary judgment regarding the validity and ownership of the trademarks at issue in this case. Defendants do, however, submit that Plaintiff is not entitled to summary judgment regarding liability." (Memo. in Opp., Doc. #31, PAGEID 340). In its memorandum *contra* the Default Judgment Motion, PQR notes that a Clerk's Entry of Default was never entered against it, and argues that absent such an entry, the Court cannot enter default judgment. (Memo. in Opp., Doc. #30, PAGEID 327, 328-29, citing FED.R.CIV.P. 55; *Ramada Franchise Sys. v. Baroda Enters., LLC*, 220 F.R.D. 303, 304 (N.D. Ohio 2004); *Fields v. Ohio Dep't of*

2

*Rehab. & Corr.*, No. 2:15-cv-1271, 2015 U.S. Dist. LEXIS 71849, *1 (S.D. Jun. 3, 2015) (Kemp, Mag. J.), *report and recommendation adopted at* 2015 U.S. Dist. LEXIS 149758 (S.D. Ohio Nov. 4, 2015) (Sargus, J.)). Alternatively, PQR observes that the descriptions by Plaintiff's process server, from when he purportedly served Wahdan personally and as PQR's registered agent, were inconsistent, despite the services supposedly taking place at the same time and place. (*Id.* at PAGEID 329). PQR argues that this inconsistency means it is uncertain whether PQR and Wahdan were ever served; at the very least, PQR claims, the inconsistency and Wahdan's prompt action in retaining counsel upon becoming aware of the proceedings show that PQR did not engage in culpable conduct. (*Id.* at PAGEID 329-30, citing *United States v. $22,050.00 United States Currency*, 595 F.3d 318, 327 (6th Cir. 2010); *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986)).

PQR further argues that Defendants have meritorious defenses as to both willful liability and damages. (Doc. #30, PAGEID 330-31, citing 15 U.S.C. §§ 1114(1)(b), 1114(2)(a), 1117(a)). Finally, PQR claims that it "has not destroyed documents related to this lawsuit and has attempted to work with Plaintiff to resolve this dispute. Plaintiff asserts the same claims within this lawsuit against many Defendants and Plaintiff will not be prejudiced to have to litigate another case with essentially the same facts." (*Id.* at PAGEID 332, citing *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 842 (6th Cir. 2011)). PQR concludes that none of the three relevant factors weighs in favor of default, Plaintiff's Default

3

Motion should be overruled, and PQR should be granted leave to answer the Complaint. (*Id.*).

Plaintiff did not file reply memoranda, and the time for doing so has expired. S.D. OHIO CIV.R. 7.2(a)(2). The matters are ripe for decision.

I. **Legal Standards**

    A. **Summary Judgment**

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(a). Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party always bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323; *see also Boretti v. Wiscomb*, 930 F.2d 1150, 1156 (6th Cir. 1991).

Once the moving party has met its initial burden, the nonmoving party must present evidence that creates a genuine issue of material fact making it necessary to resolve the difference at trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Once the burden has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient to "simply show that there is some metaphysical doubt as to the

4

material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rule 56 "requires the nonmoving party to go beyond the pleadings," and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324. "The plaintiff must present more than a scintilla of evidence in support of his position; the evidence must be such that a jury could reasonably find for the plaintiff." *Michigan Prot. & Advocacy Serv., Inc. v. Babin*, 18 F.3d 337, 341 (6th Cir. 1994).

"Summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In determining whether a genuine dispute of material fact exists, a court must assume as true the evidence of the nonmoving party and draw all reasonable inferences in favor of that party. *Id.* at 255. If the parties present conflicting evidence, a court may not decide which evidence to believe. Credibility determinations must be left to the fact-finder. 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE CIVIL § 2726 (3d ed. 1998).

In determining whether a genuine dispute of material fact exists, a court need only consider the materials cited by the parties. FED.R.CIV.P. 56(c)(3). "A district court is not . . . obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989). If it so chooses, however,

5

the court may also consider other properly presented materials in the record. FED.R.CIV.P. 56(c)(3).

### B. Default Judgment

A Clerk's Entry of Default is a prerequisite to obtaining a default judgment. *Devlin v. Kalm*, 493 F. App'x 678, 685 (6th Cir. 2012); *see also Shepard*, 796 F.2d at 193 ("entry of default is just the first procedural step on the road to obtaining a default judgment").

"The court may set aside an entry of default for good cause[.]" FED.R.CIV.P. 55(c).

> When a defendant seeks relief from an entry of default, three equitable factors are considered to determine if "good cause" has been shown under the Rule 55(c) component of the analysis: "(1) whether culpable conduct of the defendant led to the default, (2) whether the defendant has a meritorious defense, and (3) whether the plaintiff will be prejudiced."

*Burrell v. Henderson*, 434 F.3d 826, 831 (6th Cir. 2006), quoting *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992). Whether to set aside an entry of default is a matter of discretion. *See Shepard Claims Serv., Inc. v. Wm. Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986) (reviewing refusal to vacate entry of default for abuse of discretion). Nonetheless, there is a strong preference for adjudicating cases on their merits; "any doubts as to the propriety of setting aside a default judgment should be resolved in favor of the application, even in a case where the showing is not strong." *Hogan v. Cleveland Ave. Rest., Inc.*, No. 2:15-cv-

6

2883, 2023 WL 2664417, *1 (S.D. Ohio Mar. 28, 2023) (internal quotation marks and citation omitted) (Marbley, C.J.)).

## II. Analysis

### A. Summary Judgment

In its Motion, Plaintiff presents substantial, valid, and undisputed evidence that the Stundenglass Marks are valid, active, and assigned to Plaintiff. Specifically, Plaintiff has attached true and accurate copies of the Stundenglass Marks registration with the USPTO. (C. Folkerts Decl. 1, Doc. #16-1, PAGEID 91, ¶ 7, citing Marks, Doc. #16-1, PAGEID 93-98).

> Receipt of a registered trademark automatically invokes a statutory presumption that the trademark is valid. The statutory presumption shifts the burden of proof to the party challenging the validity of the mark. Furthermore, the District Court may not overrule the decision of registerability of the Patent and Trademark Office (PTO) unless the party challenging the mark argues persuasively that the mark was ineligible for protection.

*Burke-Parsons-Bowlby Corp. v. Appalachian Log Homes, Inc.*, 871 F.2d 590, 593 (6th Cir. 1989) (internal citations omitted). Defendants do not challenge the validity of the Stundenglass Marks; nor do they dispute Plaintiff's statements that the Stundenglass Marks were active and owned by Plaintiff at all relevant times in the litigation. (Doc. #16-1, PAGEID 92, ¶ 14).

As there is no dispute, much less a material one, over activity, validity, and ownership of the Stundenglass Marks, Plaintiff's Motion for Partial Summary Judgment (Doc. #16) is SUSTAINED. Judgment shall ultimately enter in favor of Plaintiff and against Defendants that Stundenglass Marks Nos. 6,174,291;

6,174,292; and 6,633,884 have been continuously valid, active, and assigned to Plaintiff.

### B. Default Judgment

While Plaintiff argues that the Clerk filed an Entry of Default on June 6, 2025 (Doc. #17, PAGEID 140, citing Order, Doc. #14), the Clerk has never entered default in the captioned case; nor has Plaintiff moved for such an entry against PQR or any of the other Defendants. As one cannot obtain default judgment without first obtaining an entry of default, *Shepard*, 796 F.2d at 193, the Default Judgment Motion must be overruled for that reason alone.

Even if the Clerk had entered default against PQR, however, the Default Judgment Motion would still not be well-taken. As to the first factor, for Defendants' conduct "[t]o be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Shepard Claims*, 796 F.2d at 194. "Culpable conduct" is not merely careless conduct or inexcusable neglect. *Id.* Plaintiff does not argue that Defendants intentionally thwarted proceedings in this Court; nor could it reasonably so argue. Further, Plaintiff's own process server purportedly effected service on PQR more than six weeks before serving Wahdan personally, and gave inconsistent descriptions of Wahdan when serving him with respect to PQR versus personally. (*Compare* Doc. #9, PAGEID 65 (describing Wahdan as 45 years old and 200 lb.) *with* Doc. #9-1, PAGEID 67 (describing Wahdan as 65 years old and 240 lb.). Given the uncertainty of whether Wahdan

8

was served, the Court cannot conclude that PQR acted with reckless disregard for the proceedings. Thus, the Court concludes that PQR's conduct was not culpable.

"In determining whether a defaulted defendant has a meritorious defense[,] likelihood of success is not the measure. Rather, if any defense relied upon states a defense good at law, then a meritorious defense has been advanced." *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983) (internal quotation marks and citations omitted). PQR's proffered defenses—lack of intent and damages are disproportionate to harm— are facially valid and, if proven, would limit PQR's liability. Indeed, even when a party is in default, the factual allegations in the Complaint are admitted only as to liability; the Court must conduct an independent inquiry as to damages. *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009). Thus, the "meritorious defense" factor weighs against enforcing a default.

Finally, as to prejudice, the undersigned notes that courts are loath to keep defaults in place based solely on prejudice. *See Shepard*, 796 F.2d at 194 ("when the first two factors militate in favor of setting aside the entry, it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead."). Also, Plaintiff is litigating more than thirty cases in this Court alone regarding alleged infringement of the Stundenglass Marks. In other words, Plaintiff would be pursuing nearly identical claims for nearly identical relief, meaning that the prejudice from setting aside the default would be minimal. As all three factors weigh against enforcing a default,

9

the Default Judgment Motion(Doc. #17) is OVERRULED for that reason as well. PQR shall answer, move, or otherwise respond to the Complaint within fourteen (14) days.

### III. Conclusion

For the foregoing reasons, Plaintiff's Motion for Partial Summary Judgment (Doc. #16) is SUSTAINED, and its Motion for Default Judgment (Doc. #17) is OVERRULED  Judgment shall ultimately enter in favor of Plaintiff and against Defendants as to the activity, validity, and ownership of the Stundenglass Marks. PQR shall answer, move, or otherwise respond to the Complaint within fourteen (14) days.

IT IS SO ORDERED.

November 13, 2025

*Walter H. Rice*
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT