**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

Case No. 3:23-cv-00317-TMR-CHG

GS HOLISTIC, LLC,

Plaintiff,

vs.

PQR ENTER. Inc., et al.,

Defendants.
_____________________________________ /

RULE 26(f) REPORT OF PARTIES
(to be filed not later than seven (7)
days prior to the preliminary pretrial conference)

1. Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on January 23, 2026,

and was attended by:

John C. Ridge , counsel for plaintiff

Eddy Leal , counsel for plaintiff

Frederic L Young , counsel for defendants

D. Alexander Niswonger , counsel for defendants

Counsel represents that, during the meeting, the engaged in a meaningful attempt to meet and confer on the matters outlined below.

2. The parties:

____ have provided the pre-discovery disclosures required by Fed. R. Civ. P. 26(a)(1), including a medical package (if applicable).

__X__ will exchange such disclosures by March 1, 2026.

____ are exempt from disclosure under Fed. R. Civ. P. 26(a)(1)(E).

3. The parties:

____ unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

__X__ do not unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c).

____ unanimously give contingent consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), for trial purposes only, in the event that the assigned District Judge is unavailable on the date set for trial (e.g., because of other trial settings, civil or criminal).

4. Recommended cut-off date for filing of motions directed to the pleadings: February 28, 2026

5. Recommended cut-off date for filing any motion to amend the pleadings and/or to add additional parties: April 15, 2026

6. Recommended discovery plan:

a. Describe the subjects on which discovery is to be sought and the nature, extent and scope of discovery that each party needs to: (1) make a settlement evaluation, (2) prepare for case dispositive motions and (3) prepare for trial:

The Plaintiff seeks discovery of the Defendants' receipts, invoices, or any and all other financial records regarding product purchases related to the counterfeit product that was sold, including but not limited to paper, electronic or alternatively formatted versions of such records. The Plaintiff will also seek any video footage or such similar records that the Defendants may have access to related to the product purchase at issue and any other sales of the same or similar counterfeits of the Plaintiff's product in the last three years. Depending on what these records reveal the Plaintiff may or may not need to conduct additional discovery.

The Plaintiff will also seek protection for any proprietary information used to identify the counterfeit good, the identity of the investigator that purchased the counterfeit, and any other proprietary information the Defendants may seek from GS Holistic.

The Plaintiff will also seek the depositions of the Defendants or other parties as discovered and required such as potentially the corporation's relevant staff.

Defendants will seek discovery of Plaintiff's investigative reports and procedures. Defendants will also seek a deposition of a corporate representative from Plaintiff regarding the history of Studenglass brand and marketing, use of Studenglass marks, efforts to police, enforce, and protect marks against infringement, facts regarding Plaintiff's investigation, chain of custody of the products, evidence of consumer confusion, and evidence of damages.

b. What changes should be made, if any, in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the local rules of this Court, including the limitations to 25 interrogatories/requests for admissions and the limitation of 10 depositions, each lasting no more than one day consisting of seven (7) hours?

None at this time.

The Plaintiff anticipates taking the deposition of the Defendants and the store employee who sold the counterfeit.

c. Additional recommended limitations on discovery:

None at this time.

d. Recommended date for disclosure of lay witnesses.

April 30, 2026

e. Describe the areas in which expert testimony is expected and indicate whether each expert has been or will be specifically retained within the meaning of Fed. R Civ. P. 26(a)(2).

Plaintiff has retained qualified experts to evaluate and opine on damages, consumer identification, and brand harm, including the likelihood and extent of consumer confusion caused by Defendants' conduct.

Defendants will retain qualified experts to evaluate Plaintiff's damages claim as well as the consumer identification, brand harm, and extent of consumer confusion caused by Defendants' alleged conduct.

f. Recommended date for making primary expert designations:

May 22, 2026

g. Recommended date for making rebuttal expert designations:

July 12, 2026

h. The parties have electronically stored information in the following formats:

This specific information is not yet known.

The case presents the following issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced:

The Plaintiff potentially seeks electronically stored information but is unable at this time to know what format would be best since it is not yet clear in what format it presently exists. As such, the Plaintiff would request a readable and typical format for the industry (computer, video, etc.) to be agreed upon at the time such information would be produced so an amicable compromise can be had regarding burden and format appropriate as evidence for trial.

No specific issues are known to Defendants at this time.

i. The case presents the following issues relating to claims of **privilege or of protection as trial preparation materials:**

The Plaintiff seeks protection for proprietary information pertaining to counterfeit identification and identity of investigator for practical and safety purposes.

Have the parties agreed on a procedure to assert such claims **AFTER** production?

X______ No

______ Yes

______ Yes, and the parties ask that the Court include their agreement in an order.

j. Recommended discovery cut-off date: July 31, 2026____________________

7. Recommended dispositive motion date: September 1, 2026____________________

8. Recommended date for status conference (if any): August 12, 2026______________

9. Suggestions as to type and timing of efforts at Alternative Dispute Resolution:

Mediation to be conducted on or before July 31, 2026.

10. Recommended date for a final pretrial conference: November 2, 2026____________

11. Has a settlement demand been made? ________YES____ A response? _______YES___

Date by which a settlement demand can be made: ___________________________

Date by which a response can be made: ____________________________________

12. Other matters pertinent to scheduling or management of this litigation:

None.

Signatures:

Attorney for Plaintiff(s):

John C. Ridge
Ohio Bar #
Trial Attorney Plaintiff

Eddy Leal
Ohio Bar #
Trial Attorney for Plaintiff

Attorney for Defendant(s)

Fredric L Young
Ohio Bar # 0059544
Trial Attorney for Defendant(s)

D. Alexander Niswonger
Ohio Bar #0104874
Trial Attorney for Defendant(s)